IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CHRISTOPHER M. JONES,          )
                               )
        Plaintiff,             )        CIVIL ACTION NO.
                               )        1:05-CV-1797-WBH
v.                             )
                               )
THE CITY OF COLLEGE PARK,      )
                               )
        Defendants.            )

## DEFENDANTS' UNOPPOSED MOTION TO VACATE JUDGMENT AND UNDERLYING VERDICTS AND MEMORANDUM IN SUPPORT THEREOF

COME NOW Defendants, pursuant to Rule 60(b)(5) of the Federal Rules of Civil Procedure, and in connection with the parties' settlement, file this their Unopposed Motion to Vacate Judgment and Underlying Verdicts.  By this Motion, Defendants request that this Court vacate the jury verdicts returned on September 4, 2009 as to the City of College Park, Tracey Wyatt, and Charles E. Phillips, Sr. [Docs. 225-227] and the Judgment subsequently entered thereon on March 8, 2011 [Doc. 282].  In support of this Motion, Defendants show the Court as follows:

### PROCEDURAL BACKGROUND

1.    This case was tried before a jury, Judge Jack T. Camp presiding, from August 31, 2009, to September 2, 2009.  On September 4, 2009, the jury returned a

verdict in favor of Plaintiff against the City of College Park (the "City"), Councilmember Tracey Wyatt, and Councilmember Charles E. Phillips, Sr. (collectively, "Defendants"). [Doc. 225-227.]

2.     On October 29, 2010, this case was transferred from Judge Camp to the Honorable Willis B. Hunt. Judgment as a matter of law was subsequently granted to the City pursuant to Rule 50(b) on March 3, 2011, [Doc. 281], whereas Defendants Wyatt and Phillips' Motion to Alter  or Amend Judgment pursuant to Rule 59 was denied on June 21, 2011.  [Doc. 324.]

3.     The parties filed notices cross appeal on April 6, April 20, and June 30, 2011.  [Doc. 287, 295, 325.]  Thereafter, the parties mediated the case in August-October 2011 and came to terms on a settlement.  In connection with that settlement, Defendants Wyatt and Phillps now move the Court, without opposition from Plaintiff, to vacate the verdicts and judgment against them in accordance with Rule 60(b)(5).

## ARGUMENT AND CITATION OF AUTHORITY

4.     Although a district court generally lacks jurisdiction to grant a Rule 60 motion or to otherwise vacate a judgment or underlying verdict while the case is on appeal, it is authorized to enter an "indicative order" stating that "it would grant the motion if the court of appeals remands [the case] for that purpose ... ." Fed R. Civ. P. 62.1(a)(3).  See also 11th Cir. R. 12.1-1(c)(2) ("If the district court determines that the

[Rule 60] motion should be granted, the district court should enter an order stating that it intends to grant the motion if [the court of appeals] returns jurisdiction to it."); Miccosukee Tribe of Indians of Florida v. United States, No. 04-21448-civ, 2011 WL 1624977 (S.D. Fla. Apr. 26, 2011) (entering indicative order regarding granting of Rule 60 motion upon remand).

5.     Upon entry of such an indicative order, "the movant may then petition the court of appeals to remand the matter so as to confer jurisdiction on the district court to grant the motion." Mahone v. Ray, 326 F.3d 1176, 1180 (11th Cir. 2003). See also Fed. R. Civ. P. 62.1(b) ("The movant must promptly notify the circuit clerk ... if the district court states that it would grant the motion ...."); 11th Cir. Rule 12.1-1(e) (similar).  Following the return of its jurisdiction upon remand, the district court may then formally rule on the Rule 60 motion, thereby giving effect to its indicative order. See id.

6.     Although Rule 60 expressly refers only to the vacatur of judgments, the authority and discretion it conveys upon the district courts extend to verdicts as well. See Mayes v. City of Hammond, 20 Fed. Appx. 945, 946 (7th Cir. 2008) (issuing remand "to allow the [district] court to inform us if it was inclined to vacate the jury verdict and judgment."). See also Purcell v. Bank Atlantic Financial Corp., 85 F.3d 1508, 1511 (11th Cir. 1996) (noting that district court "entered a final judgment

vacating the jury verdict and the final judgment entered thereon" following the parties' settlement).

7. Vacatur of the verdicts and judgment in the present case is desirable because it is requested in connection with an agreement facilitating the final settlement and resolution of litigation that has been ongoing since 2005, with cross appeals still pending in the Court of Appeals. Accordingly, a settlement now will save substantial resources for the parties and the courts.

8. This Motion is timely in that it was filed within 3 days of the effective date of the parties' settlement on appeal. See Fed. R. Civ. P. 60(c)(1) ("A motion under Rule 60(b) must be made within a reasonable time … ."). Moreover, the Motion brought in good faith and not for purposes of delay or for any other improper purpose.

## CONCLUSION

WHEREFORE, Defendants request, pursuant to Rule 60(b)(5), 62.1(a)(3), and 11th Cir. R. 12.1-1(c)(2), that the Court enter an Indicative Order stating that it will grant the instant Unopposed Motion to Vacate Judgment and Underlying Verdicts once the Eleventh Circuit returns jurisdiction to this Court. For the Court's convenience, a proposed Indicative Order on the Unopposed Motion to Vacate Judgment and Underlying Verdicts is appended hereto as Attachment A, and a

– 4 –

proposed Order Granting Defendants' Unopposed Motion is appended hereto as Attachment B.

Respectfully submitted this 17th day of November, 2011.


s/ R. Read Gignilliat
R. Read Gignilliat
Georgia Bar No. 293390
Amy S. Auffant
Georgia Bar No. 665732
Kristin E. Trulock
Georgia Bar No. 109908
*Attorneys for the Defendants*

ELARBEE, THOMPSON, SAPP & WILSON, LLP
800 International Tower
229 Peachtree Street, N.E.
Atlanta, Georgia  30303
(404) 659-6700
(404) 222-9718 (facsimile)
gignilliat@elarbeethompson.com
auffant@elarbeethompson.com
mailto:trulock@elarbeethompson.com

## <u>CERTIFICATE PURSUANT TO LOCAL RULE 7.1D</u>

Pursuant to Local Rule 7.1, N.D. Ga., the undersigned counsel certifies that this

***Defendants' Unopposed Motion to Vacate Judgment and Underlying Verdicts*** was

prepared with Times New Roman (14 point), one of the font and point selections

approved by the Court in Local Rule 5.1C, N.D. Ga.

Respectfully submitted this 17th day of November, 2011.

s/ R. Read Gignilliat
R. Read Gignilliat
Georgia Bar No. 293390

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| CHRISTOPHER M. JONES, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE |
| | ) | NO. 1:05-CV-1797-WBH |
| v. | ) | |
| | ) | |
| THE CITY OF COLLEGE PARK, | ) | |
| GEORGIA, a municipal | ) | |
| corporation et al., | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on November 17, 2011, I electronically filed the foregoing

***Defendants' Unopposed Motion to Vacate Judgment and Underlying Verdicts***, with

the Clerk of Court using the CM/ECF system which will automatically send email

notification of such filing to the following attorneys of record:

Arch Y. Stokes, Esq.
John R. Hunt, Esq.

[SIGNATURE CONTAINED ON FOLLOWING PAGE]

– 7 –

s/ R. Read Gignilliat
R. Read Gignilliat
Georgia Bar No. 293390
Attorney for Defendants
ELARBEE, THOMPSON, SAPP &
WILSON, LLP
800 International Tower
229 Peachtree Street, N.E.
Atlanta, Georgia 30303
(404) 659-6700
(404) 222-9718 (facsimile)
gignilliat@elarbeethompson.com